**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NORMAN HOEWISCHER,

    Plaintiff,                                       CASE NO. 3:12-cv-2-J-34TEM

vs.

THE PANTRY, INC.,

    Defendant.
_____

NORMAN HOEWISCHER,

    Plaintiff,                                       CASE NO. 3:12-cv-4-J-34TEM

vs.

THE PANTRY, INC.,

    Defendant.
_____

NORMAN HOEWISCHER,

    Plaintiff,                                       CASE NO. 3:12-cv-100-J-34TEM

vs.

THE PANTRY, INC.,

    Defendant.
_____

NORMAN HOEWISCHER,

    Plaintiff,                                       CASE NO. 3:12-cv-109-J-34TEM

vs.

THE PANTRY, INC.,

    Defendant.
_____

# REPORT AND RECOMMENDATION[1]

This matter is before the Court on Plaintiff's Verified Application for Attorney's Fees, Costs and Expert Fees (Doc. 52, Case No. 3:12cv2; Doc. 51, Case No. 3:12cv4; Doc. 41, Case No. 3:12cv100; and Doc. 63, Case No. 3:12cv109),[2] filed on March 18, 2013. Defendant filed responses in opposition on April 1, 2013 (Doc. 53/2; Doc. 52/4; Doc. 43/100; Doc. 64/109). In the instant motions, Plaintiff seeks attorney's fees, expert fees and costs against Defendant in the total amount of $103,836.88 for the four cases.

The procedural history of these cases was detailed at length in the Court's January 10, 2013 Order denying Plaintiff's Motion to Enforce Settlement (Doc. 47/2; Doc. 46/4; Doc. 36/100; Doc. 58/109). In that Order, the Court firmly rejected the Plaintiff's argument that the case had settled on June 7, 2012 and described the proposition as "incredible."[3] *Id.* at 18. After entry of the Order, the parties attended a status conference on February 27, 2013 before the Honorable Marcia Morales Howard. At the hearing, the parties agreed that the substantive merits of the cases had been resolved and the merits of the action were rendered as moot (Doc. 49/2; Doc. 48/4; Doc. 38/100; Doc. 60/109). Counsel for

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] For ease of reference, the Court will hereinafter refer to docket entries in these cases by citing the docket entry number, followed by a back slash ("/") and the ending digit(s) in the corresponding case number.

[3] Incredible is defined by Merriam-Webster Dictionary as "too extraordinary and improbable to be believed." DICTIONARY AND THESAURUS – MERRIAM-WEBSTER ONLINE, http://www.merriam-webster.com (last visited May 9, 2013).

Defendant advised the Court that Defendant would agree to have each party bear their own attorney's fees and costs. *Id.* On February 28, 2013, the Court entered an Order dismissing the cases without prejudice as moot (Doc. 50/2; Doc. 49/4; Doc. 39/100; Doc. 61/109). The Court reserved jurisdiction for the sole purpose of resolving the pending motion for sanctions and any properly filed motions for attorney's fees and costs. *Id.* On March 12, 2013, the parties filed a Joint Notice indicating they had conferred on the pending motion for sanctions and the issue of attorney's fees and were unable to resolve the matters (Doc. 51/2; Doc. 50/4; Doc. 40/100; Doc. 62/109). On March 18, 2013, Plaintiff filed the instant motions requesting attorney's fees and costs as a "prevailing party."

Under 42 U.S.C. § 12205, a prevailing party is entitled to reasonable attorney's fees, including litigation expenses and costs, in any action or administrative proceeding commenced pursuant to the Americans with Disabilities Act ("ADA"). In order to obtain attorney's fees, the plaintiff must achieve prevailing party status. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602-03 (2001). The touchstone of the prevailing party inquiry is whether the plaintiff achieved a "judicially sanctioned change in the legal relationship of the parties." *Id.* at 605; *Am. Disability Ass'n v. Chmielarz*, 289 F.3d 1315, 1319 (11th Cir. 2002). The Eleventh Circuit has interpreted prevailing party status to mean "(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties." *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach,* 353 F.3d 901, 905 (11th Cir. 2003) (quoting *Buckhannon*, 532 U.S. at 603, 605).

In the instant case, Plaintiff alleges he is a prevailing party because "Defendant agrees that it remedied the ADA violations on the subject property after Plaintiff encountered architectural barriers listed in his Complaint" (Doc. 52/2 at 3). Further, Plaintiff alleges "as part of the Settlement Agreement drafted by Defendant in this case, the Defendant agreed to pay Plaintiff's counsel for Plaintiff's attorney's fees, litigation expenses and expert fees, and costs incurred in this matter nearly a year prior to the case being mooted." *Id.* at 3.

It is well-settled law that ADA plaintiffs "cannot . . . recover their attorney's fees for serving as a 'catalyst,' i.e., that they caused [defendant] to implement the changes they sought." *Am. Ass'n of People with Disabilities v. Harris*, 605 F.3d 1124, 1137 n.26 (11th Cir. 2010) (citing *Buckhannon*, 532 U.S. at 610). In *Buckhannon*, the Supreme Court expressly rejected the "catalyst" theory because "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change." *Id.* at 605, *superseded by statute on other grounds*, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524. As an attorney with "over fifteen (15) years legal experience including litigating more than one hundred (100) ADA cases" who is requesting an hourly rate of $420, Plaintiff's counsel should be well aware that serving as a "catalyst" does not confer prevailing party status.

This case was dismissed without prejudice as moot based on the parties' representations that the substantive matters of the litigation had been resolved. Defendant voluntarily made the changes requested by Plaintiff. The district court never judicially altered the legal relationship of the parties within the meaning of *Buckhannon*, *Chmielarz*

or *Smalbein*. *See*, *e.g.*, *Access for the Disabled, Inc. v. First Resort, Inc.*, No. 8:11-cv-2342-T-30EAJ, 2012 WL 4479005, at *7-8 (M.D. Fla. Sept. 28, 2012)[4] (holding plaintiffs were not entitled to attorney's fees and costs because their claims were moot); *Access for the Disabled, Inc. v. Shiv Shraddha*, LLC, No. 8:11-cv-1960-T-33TBM, 2012 WL 2865491, at *4 (M.D. Fla. July 11, 2012) ("Because the Supreme Court invalidated the 'catalyst theory' in *Buckhannon*, Plaintiffs cannot obtain attorneys' fees merely by demonstrating that Defendant agreed to implement certain property modifications Plaintiffs requested."); *Norkunas v. Seahorse NB, LLC*, No. 3:09-cv-934-J-32MCR, 2011 WL 1988799, at *6 (M.D. Fla. May 23, 2011) (denying claim for attorney's fees because there were no continuing violations of the ADA, even though certain areas of the property were in violation of the ADA at the time the complaint was filed); *Kallen v. J.R. Eight, Inc.*, 775 F.Supp.2d 1374, 1381 (M.D. Fla. 2011) ("A plaintiff who initiates a lawsuit that causes the Defendant to voluntarily remedy ADA violations is not a prevailing party for purposes of attorney's fees, and is not entitled to collect costs and fees."); *Access for Disabled, Inc. v. STF Investments, LLC*, No. 6:05-cv-857-Orl-22UAM, 2007 WL 2010831 (M.D. Fla. July 6, 2007) (denying request for attorney's fees because plaintiff was not a prevailing party where district court dismissed case without prejudice after parties reached a settlement as to non-monetary issues). Moreover, this Court expressly found that the "settlement agreement" referenced by Plaintiff was not an enforceable settlement agreement (*see* Doc. 47/2; 46/4; 36/100; 58/109, Order denying Plaintiff's Motion to Enforce Settlement). In its order of dismissal, the Court did not retain jurisdiction to enforce the terms of any settlement agreement;

---

[4] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

incorporate by reference any terms of the settlement agreement into its order, or enter any order that was the functional equivalent of a consent decree.  *See Chmielarz*, 289 F.3d at 1320.  In sum, Plaintiff is not a "prevailing party" and is not entitled to fees pursuant to § 12205.

Accordingly, upon due consideration, it is respectfully recommended that Plaintiff's Verified Application for Attorney's Fees, Costs and Expert Fees (Doc. 52/2; Doc. 51/4; Doc. 41/100; Doc. 63/109) be **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida, this 9th day of May, 2013.

THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
Hon. Marcia Morales Howard
Counsel of record